IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| VERNON BRENT DOWLING, | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 0:16-3468-DCN |
| | ) **ORDER** |
| UNITED STATES OF AMERICA; OFFICER WALKER; OFFICER PLATTS; LT. MERRILL; DOJ; FBOP; DIRECTOR SAMUELS *(FBOP)*; FEDERAL EMPLOYEES; HEALTH SERVICES STAFF; WARDEN MANSUKHANI; MS. WILLIAMS, | ) |
| Defendants. | ) |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R"), ECF No. 127, that the court grant plaintiff Vernon Brent Dowling's ("Dowling") motions for preliminary injunctions and temporary restraining orders, ECF Nos. 61 and 120, and grant in part and deny in part defendants' motion to dismiss, ECF No. 87. For the reasons set forth below, the court adopts the R&R, denies Dowling's motions, and grants in part and denies in part defendants' motion to dismiss. Additionally, the court adopts those portions of the R&R which are not inconsistent with this order.

## I. BACKGROUND

The R&R ably recites the relevant facts, and it is unnecessary to review the details of the complaint. In short, Dowling is currently an inmate at the Federal Correctional Institution Beckley in West Virginia, but during the events at hand was an inmate at the Federal Correctional Institution Estill ("FCI Estill"), located in South

1

Carolina. Dowling contends that on July 26, 2017, his housing unit at FCI Estill flooded with sewage. Prison staff evacuated Dowling handcuffed from the housing units during the flooding. While his cellmate was escorted through the flood by the prison staff, the staff ordered Dowling to walk through the sewage without assistance. While he was walking through the sewage, Dowling slipped and fell in the sewage. Two prison staff attempted to "snatch" Dowling up after he fell despite his insistence that he was in pain. After his fall, Dowling was placed in a different cell and contends that he was denied medical care and hygiene products until the following day. Despite repeated requests for treatment, Dowling was denied treatment. Dowling was eventually given ibuprofen, and upon complaining to the warden of FCI Estill was told "if it's not on paper it never happened." Dowling also claims he has received "inadequate treatment" for the injuries sustained during his fall with psychiatric drugs, which have caused him severe depression and mental anguish.

Dowling filed this pro se action pursuant to 42 U.S.C. § 1983 on October 16, 2016. He alleges that defendants are responsible for negligence, and requests to be transferred to a federal facility that is better equipped to treat his injuries, and he also seeks damages.

Dowling filed separate motions for preliminary injunctions and temporary restraining orders on June 19, 2017 and November 6, 2017. On November 20, 2017, defendants filed their opposition to his motion for a temporary restraining order and preliminary injunction. On August 11, 2017, the defendants filed a separate motion to dismiss. Plaintiff responded to the motion on October 30, 2017.

This case is now before the court on the magistrate judge's R&R, which recommends that the court: (1) deny Dowling's motion for a temporary restraining order and preliminary injunction, and (2) grant in part and deny in part defendants' motion to dismiss. ECF No. 127 at 1. Dowling filed objections to the R&R on December 18, 2017. ECF No. 129. Defendants filed a reply on December 21, 2017, ECF No. 132, and Dowling filed a sur-reply on January 2, 2018. ECF No. 135. The matter is now ripe for the court's review.

## II.   STANDARD

### A.   De Novo Review

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### B.   Pro Se Plaintiff

Plaintiff is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore

a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

    **C.**    **Motion to Dismiss**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

    **D.**    **Preliminary Injunction**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." United States v. South Carolina, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

### III. DISCUSSION

Dowling objects to the R&R's recommendation that this court grant defendants' motion to dismiss with respect to Dowling's claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because Dowling had not exhausted his available administrative remedies, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2012). The court denies his objection and adopts the R&R in full.[1]

Under the PLRA, a prisoner must exhaust all of his administrative remedies to pursue a claim under Bivens. See 42 U.S.C. § 1997e(a) ("No action shall be brought

---

[1] The government filed no objections. Dowling filed no other objections to the R&R, stating that "[t]he remainder of [the R&R] is approved by Plaintiff." ECF No. 129 at 3. The court has reviewed those sections of the R&R that remain unchallenged for clear error. Finding none, the court adopts the magistrate judge's recommendation that plaintiff's motion for preliminary injunction be denied, and that defendants' motion to dismiss be denied as to Dowling's negligence claim pursuant to the FTCA against defendant United States.

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Supreme Court has repeatedly rejected attempts by plaintiffs to deviate from the textual mandate provided by 42 U.S.C. § 1997e(a), requiring exhaustion of all "available" administrative remedies. Porter v. Nussle, 534 U.S. 516, 520 (2002). For a plaintiff to satisfy the exhaustion requirement, they must have availed themselves of every available administrative remedy. Id. A plaintiff is required to use "all steps that the agency holds out," and to do so properly. Woodford v. Ngo, 548 U.S. 81, 90 (2006). The burden is on the defendant to establish that a plaintiff failed to exhaust all available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendants have met that burden here.

BOP has a multi-faceted administrative grievance process. An inmate first can file a Form BP-8, which is an informal resolution request. Then, if the grievance cannot be informally resolved, the inmate may file a Form BP-9, which is a formal "Administrative Remedy Request" to the Warden, within twenty calendar days following the date of the alleged incident that gave rise to the complaint. 28 C.F.R. § 542.13, 542.14(a). Next, if the inmate is not satisfied with the result, he can appeal to the Regional Director within twenty calendar days of the Warden's response by filing a Form BP-10. 28 C.F.R. § 542.15. And finally, if the inmate is still dissatisfied, he may appeal the Regional Director's decision to the General Counsel within thirty calendar days from receiving the response by filing a Form BP-11. Id.

Dowling has not exhausted the administrative remedies available to him.[2] Dowling failed to pursue the initial step of first filing an informal resolution, using Form BP-8. Instead, he pursued a formal administrative remedy, and was subsequently denied. He was provided the reason for the denial—that he failed to first attempt an informal resolution. However, rather than correcting the issue, Dowling appealed his rejection to the BOP's Regional and Central Offices. Both of the offices rejected his appeal for the same reason as his original denial. Thus, defendants have satisfied their burden by showing plaintiff failed to exhaust the administrative remedies available to him. Accordingly, the court grants defendants' motion to dismiss.

---

[2] In Ross v. Blake, 136 S. Ct. 1850 (2016), the court outlined the following three nonexhaustive circumstances in which an administrative remedy "although officially on the books, is not capable of use to obtain relief." First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Id. Finally, the administrative process is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860. There are no allegations here that the Federal Bureau of Prisons ("BOP") utilized an administrative remedy that was "officially on the books" but "not capable of use to obtain relief." Ross, 136 S. Ct. at 1853.

## IV.  CONCLUSION

For the reasons set forth above, the court **ADOPTS** the R&R in full, **DENIES** Dowling's motions for preliminary injunctions, and **GRANTS IN PART AND DENIES IN PART** defendants' motion to dismiss.

**AND IT IS SO ORDERED**.

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 12, 2018**
**Charleston, South Carolina**